**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CHARLES HARNER,**

    **Plaintiff,**

**v.**     No. 12cv0820 KG/LAM

**WONG CORPORATION,**
 **d/b/a PC MAGIC PRO, a/k/a PC MAGIC,**

    **Defendant.**

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [*Doc. 51*]**

    **THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Discovery (Doc. 51)*, filed July 7, 2014. Defendant filed a response to the motion on July 24, 2014 [*Doc. 56*], and Plaintiff filed a reply on August 11, 2014 [*Doc. 60*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **DENIED**.

    In his Complaint, Plaintiff alleges that Defendant infringed Plaintiff's copyright by using Plaintiff's copyrighted works. [*Doc. 1*]. In his motion to compel, Plaintiff states that Defendant failed to fully respond to Interrogatory Nos. 1 and 2 by failing to identify Kevin Cheng as a corporate officer and employee. [*Doc. 51* at 2]. Plaintiff states that "[a] major issue in this case is the credibility of Defendant's witnesses, and nearly all of the discovery requests propounded to Defendant are designed, in addition to obtaining discoverable evidence, to perform cross-references to uncover inconsistencies and contradictions in the evidence produced by Defendant." *Id.* Plaintiff asks the Court to compel Defendant to fully respond to Interrogatory

No. 3 and Requests for Production (hereinafter "RFP") Nos. 1, 2, 4 and 5.  *Id.* at 2-3, *see also* [*Doc. 51-1* at 4-7] (attached discovery requests and responses).[1]

RFP No. 1 asks for: "All original hard drives containing all operating systems, databases, software programs, software applications, files, documents . . . used by[] or for Defendant in relation to Defendant's business transactions with its clients and customers."  [*Doc. 51-1* at 5]. RFP No. 2 asks for: "All original magnetic storage media and optical storage media containing archival data from all operating systems, databases, software programs, software applications, files, documents, . . . used by or for Defendant in relation to Defendant's business transactions with its clients and customers."  *Id.* at 6.  Interrogatory No. 3 asks for "all passwords that are needed to access the electronically stored information that Defendant has produced in response to the requests for production."  *Id.* at 4.  Defendant objected to these requests by stating that they are overly broad, unduly burdensome, irrelevant, and harassing.  *Id.* at 5-6.  Defendant stated that the requests "reach[] far beyond the matters present in this lawsuit," "are unlimited in scope and timeframe," and "amount to a fishing expedition."  *Id.* at 5.

RFP No. 4 asks for: "Copies of all monthly, quarterly, and yearly federal and state tax returns, schedules, reports, worksheets, that were filed or prepared for Defendant for tax years 2007 through 2010, regarding taxes that include, but are not limited to, income, gross receipts, employment," and RFP No. 5 asks for a completed Form 4506 Request for Copy of Tax Return.

---

[1] In his motion to compel, Plaintiff states that he is asking the Court to compel Defendant "to provide the information requested in the Interrogatories and produce the tangible things requested in the Requests for Production that have been propounded to Defendant." [*Doc. 51* at 3].  However, Plaintiff only discusses Defendant's responses to Interrogatory No. 3 and RFP Nos. 1, 2, 4, and 5.  Therefore, the Court will only consider those discovery requests. To the extent Plaintiff intended to ask for supplemental information for any other discovery request, the Court denies such request since Plaintiff made no specific argument regarding any other discovery request.

2

*Id.* at 6-7.  Defendant objected to these requests stating that they ask for information that is irrelevant.  *Id.* at 7.

In response, Defendant first contends that Plaintiff failed to confer with Defendant prior to filing his motion to compel, in violation of Rule 37(a)(1).  [*Doc. 56* at 1].  Defendant states that it was only after Plaintiff's motion was filed that Plaintiff's counsel asked counsel for Defendant if Defendant opposes the relief sought in the motion to compel, and counsel for Defendant responded that Defendant was not sure if it would oppose all of it, but was still looking into the issues.  *Id.* at 2.  Defendant states that, after receiving the motion, Defendant supplemented its discovery responses.  *Id.* at 3.  In addition, Defendant contends that the requested information is overly broad and outside the scope of discovery.  *Id.* at 3-7.  Defendant contends that Plaintiff's requests for Defendant's hard drives and passwords are not tailored to any party's claim or defense in this case, and that Plaintiff's skepticism regarding witnesses' credibility is not sufficient to allow Plaintiff to access Defendant's hard drives and passwords.  *Id.* at 3-5.  Defendant also contends that Plaintiff's requests for Defendant's tax returns are outside the scope of discovery because they do not contain information needed by Plaintiff to prove his alleged damages, and because Plaintiff does not set forth an argument as to how they are relevant.  *Id.* at 5-7.  Defendant asks the Court to deny Plaintiff's motion to compel and award Defendant its attorney fees and expenses incurred in opposing the motion.  *Id.* at 7.

In reply, Plaintiff contends that Defendant incorrectly identified the birth dates for Betty Wong and Steve Cheng in response to Plaintiff's discovery requests, and that "[t]his lack of accuracy as to something as simple as dates of birth requires Plaintiff be provided access to the

3

hard drives." [*Doc. 60* at 1]. Plaintiff contends that his requests for access to Defendant's hard drives is limited to requesting electronically stored information "used by or for Defendant in relation to Defendant's business transactions with its clients and customers." *Id.* at 2 (internal quotation marks omitted). Plaintiff contends that inspection of Defendant's hard drives will disclose whether Defendant's denials of possession of a CD or use of a CD to create the allegedly infringing advertisement are truthful. *Id.* Finally, Plaintiff contends that "Defendant's tax returns are relevant, especially as they compare to the information on Defendant's hard drives." *Id.*

With regard to Defendant's contention that Plaintiff's motion should be denied because Plaintiff failed to confer with Defendant prior to filing it (*see Doc. 56* at 3), the Court finds that such a sanction is not warranted. Rule 37(a)(1) and the Court's Local Rule 7.1(a) require that a movant determine whether a motion is opposed prior to filing the motion. Here, Plaintiff appears to have contacted counsel for Defendant <u>after</u> filing the motion, and then filed an addendum stating that counsel for Defendant was contemplating what relief Defendant might oppose. *See* [*Doc. 53*]. The Court cautions counsel for Plaintiff that conferring with opposing counsel after a motion is filed does not constitute compliance with either of these rules. However, the Court notes that Plaintiff's counsel attempted to remedy the failure by contacting Defendant's counsel and filing the addendum. The Court, therefore, will not deny Plaintiff's motion based on his failure to confer in a timely manner.

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be

4

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The Court finds that Plaintiff's requests in RFP Nos. 1 and 2, and Interrogatory No. 3, for the hard drives, storage media, and passwords that Defendant used in its business transactions with its clients and customers, are overly broad and beyond the scope of discovery because they are not limited to information regarding Plaintiff's claims of copyright infringement or regarding Defendant's defenses.  Plaintiff fails to provide any support for his contention that such broad requests are justified merely because Defendant failed to disclose a name in response to Interrogatory Nos. 1 and 2, and confused the birth dates of two individuals in response to another discovery request.  The Court finds that Plaintiff has failed to show that Defendant has engaged in such egregious behavior that would justify compelling it to produce its hard drives, media storage, and passwords for all of its business transactions with its clients and customers.  Therefore, the Court will deny the motion to compel with regard to these requests.

The Court further finds that Plaintiff has failed to justify his request for all of Defendant's tax returns and the tax release form.  Plaintiff's sole justification for these requests appears to be that Plaintiff wants to determine whether Defendant's information conflicts with other information (*Doc. 51* at 3), and to "compare [them] to the information on Defendant's hard drives" (*Doc. 60* at 2).  Plaintiff, however, fails to show how this information is relevant to either party's claim or defense.  If Plaintiff seeks this information to establish Plaintiff's alleged damages, Plaintiff fails to demonstrate how tax documents would show any profits directly relating to the alleged copyright infringement.  The Court, therefore, finds that the motion to compel should be denied with regard to these requests as well.

Finally, the Court considers Defendant's request for its expenses and attorney's fees incurred in opposing Plaintiff's motion to compel.  *See* [*Doc. 56* at 7].   Pursuant to Rule 37(a)(5)(B), if a motion to compel is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  Here, while Plaintiff's discovery requests are well beyond the scope of discovery in this case, the Court notes that Defendant supplemented its discovery responses only after Plaintiff filed his motion to compel.  *See* [*Doc. 5* at 3].  In addition, Defendant failed to identify Kevin Cheng as a corporate officer or employee and provided incorrect information regarding birthdates.  The Court, therefore, declines to order Plaintiff to pay Defendant's expenses and attorney's fees at this time.  The Court cautions counsel for Plaintiff, however, that this was a close call, and the Court may order such payment if Plaintiff continues to propound discovery requests that are outside the scope of the issues in the case.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiff's Motion to Compel Discovery (Doc. 51)* is **DENIED**.

**IT IS SO ORDERED.**

*(signed)* Lourdes a. Martínez
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**