IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES HARNER,

       Plaintiff,

vs.                                       Civ. No. 12-820 KG/KK

WONG CORPORATION,
d/b/a PC MAGIC PRO, a/k/a PC MAGIC,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon Wong Corporation's Second Motion for Summary Judgment (Second Motion for Summary Judgment) and the Memorandum of Law in Support of Wong Corporation's Second Motion for Summary Judgment, both filed on June 20, 2014.  (Docs. 49 and 50).  Plaintiff filed a response on July 7, 2014, and on July 24, 2014, Defendant filed a reply.  (Docs. 52 and 55).  Having considered the Second Motion for Summary Judgment, the accompanying briefs, and the evidence of record, the Court grants the Second Motion for Summary Judgment, thereby terminating this lawsuit.

At issue in the Second Motion for Summary Judgment is the remaining copyright infringement claim in Count I of the Complaint for Infringement of Copyright (Complaint) (Doc. 1).  That claim refers to Defendant's advertisement on page 256 of the 2008/2009 *Yellowbook*. Plaintiff responded to the Second Motion for Summary Judgment by seeking (1) a denial of the Second Motion for Summary Judgment on the basis of outstanding discovery requests, or (2) a deferral of the Court's consideration of the Second Motion for Summary Judgment until after the Court rules on Plaintiff's Motion to Compel Discovery (Doc. 51).  Moreover, Plaintiff submitted a Fed. R. Civ. P. 56(d) affidavit in which he states that the outstanding discovery "is necessary

for me to be able to present facts essential to justify my opposition to Defendant's Second Motion for Summary Judgment." (Doc. 52-1) at ¶ 4.  The Magistrate Judge has since denied Plaintiff's Motion to Compel Discovery.  (Doc. 62).

### A. Plaintiff's Rule 56(d) Affidavit

Rule 56(d) permits a court to deny a motion for summary judgment or to defer considering a motion for summary judgment to allow time for additional discovery, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  The nonmovant's affidavit must identify: "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."  *Valley Forge Ins. Co. v. Health Care Mgmt. Ptnrs., LTD*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal quotations omitted).  Plaintiff's affidavit simply does not meet the Rule 56(d) requirements.  Consequently, the Court will neither deny nor defer ruling on the Second Motion for Summary Judgment under Rule 56(d).

### B. The Second Motion for Summary Judgment

Defendant argues that the remaining claim is subject to summary judgment because Defendant had an irrevocable implied license to use Plaintiff's work.  In the alternative, Defendant argues that Plaintiff is unable to prove that he suffered any damages as a result of the alleged copyright infringement.

Here, it is undisputed that (1) Defendant requested the creation of the advertisement at issue; (2) Plaintiff created the advertisement and delivered it to Defendant; (3) Plaintiff intended that Defendant publish and use the advertisement; (4) Plaintiff did not limit Defendant's use of

the advertisement when he delivered it to Defendant; and (5) Defendant paid Plaintiff for creating the advertisement.  *See* (Doc. 50-2) at 2 (depo. 126), at 3 (depo. 151-52), and at 5 (depo. 166).  Under these circumstances, Defendant had, as a matter of law, an irrevocable implied license to use the advertisement at issue.  *See Asset Mktg. Sys., Inc. v. Gagnon,* 542 F.3d 748, 754-55, 757 (9th Cir. 2008); *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 776 (7th Cir. 1996).  Hence, Defendant is entitled to summary judgment on the remaining Count I claim.[1]  *See* Fed.  R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

IT IS ORDERED that

1.  Wong Corporation's Second Motion for Summary Judgment (Doc. 49) is granted;

2.  summary judgment will be entered in Defendant's favor on the remaining Count I claim;

3.  the remaining Count I claim will be dismissed with prejudice; and

4.  entry of summary judgment on the remaining Count I claim terminates this lawsuit.


_____
UNITED STATES DISTRICT JUDGE

---

[1] Since Defendant is entitled to summary judgment on the basis of an irrevocable implied license, there is no need to address Defendant's argument that Plaintiff cannot demonstrate damages.