IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES HARNER,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　Civ. No. 12-820 KG/KK

WONG CORPORATION,
d/b/a PC MAGIC PRO, a/k/a PC MAGIC,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Defendant's Fee Petition and Motion for Award of Costs, filed December 15, 2014, and Defendant's supporting affidavit and billing statements also filed December 15, 2014. (Docs. 68 and 69). Plaintiff filed a response on January 2, 2015, and Defendant filed a reply on January 19, 2015. (Docs. 70 and 72). Having reviewed Defendant's Fee Petition and Motion for Award of Costs, the supporting affidavit, the billing statements, and the accompanying briefs, the Court grants Defendant's Fee Petition and Motion for Award of Costs in the amount of $102,506.47.

        The Copyright Act of 1976 provides that in copyright infringement actions "the court in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In *Fogerty v. Fantasy, Inc*, the United States Supreme Court listed several non-exclusive factors that "may be used to guide courts' discretion" in assessing motions for attorneys' fees under the Copyright Act, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 510 U.S. 517, 535 n.19 (1994) (quoting *Lieb v. Topstone*

*Indus., Inc.,* 788 F.2d 151, 156 (3d Cir. 1986)).  A court may also consider whether the interests furthered by the Copyright Act would be served by awarding attorneys' fees.  *See Palladium Music, Inc. v. EatSleepMusic, Inc.,* 398 F.3d 1193 (10th Cir. 2005).  According to *Fogerty*, "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public."  510 U.S. at 524.

To advance considerations of compensation and deterrence, a prevailing defendant is entitled to a "very strong" presumption in favor of receiving attorneys' fees.  *Assessment Techs. of Wis., LLC v. WIREdata, Inc.,* 361 F.3d 434, 437 (7th Cir. 2004).  This presumption is designed to ensure that a defendant in a copyright case does not abandon a meritorious defense, because "the cost of vindication exceeds the private benefit to the party."  *Id.* "For without the prospect of such an award, [a copyright defendant] might be forced into a nuisance settlement or deterred altogether from exercising [its] rights."  *Id.* In this case, Plaintiff has not provided the Court with any reason to rebut this presumption in favor of awarding attorneys' fees to Defendant as a prevailing copyright defendant.

In addition, Plaintiff's history of filing lawsuits against Sheue Cheng (Plaintiff's ex-girlfriend) and her family brings into doubt Plaintiff's motivation in bringing this lawsuit against Defendant, a corporation owned by Ms. Cheng's family.  The Court also questions the objective reasonableness of Plaintiff's claims which the Court dismissed after granting Defendant's motions for summary judgment.  The Court concludes that an award of attorneys' fees and costs under Section 505 is appropriate to make Defendant whole and to encourage the production of original expression for the public good.

Once the Court decides that an award of attorneys' fees and costs is warranted under Section 505, the Court must determine what amount of attorneys' fees is "reasonable."  *Am. Bd.*

*of Internal Med. v. Von Muller*, 540 Fed. Appx. 103, 106-07 (3d Cir. 2013).  In this case, Defendant requests an award for the amount of attorneys' fees "that were actually paid in the defense of this matter."  (Doc. 69) at 2 n.2.  The Court observes that "[t]he best evidence of the value of the lawyer's services is what the client agreed to pay him."  *Assessment Techs. of Wis., LLC*, 361 F.3d at 438 (cited with approval in *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012)).  Additionally, Plaintiff does not contest the reasonableness of the requested amount of attorneys' fees nor does he contest the amount of requested costs.[1]  Having reviewed the supporting affidavit and the billing statements, the Court finds that the requested amount of attorneys' fees is reasonable and that a total award of attorneys' fees and costs of $102,506.47 is appropriate.

    IT IS ORDERED that

    1.  Defendant's Fee Petition and Motion for Award of Costs (Docs. 68) is granted; and

    2.  Defendant is awarded $102,506.47 in attorneys' fees and costs.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Allowable costs in this matter amount to $1,237.24 for taking Plaintiff's deposition.  (Doc. 69) at ¶ 5.